MARTHA F. CAUL, demandante y apelante, *v.* LUEY G.
WEIDNER, demandado y apelado.

No: 3660.—*Visto:* Diciembre 11, 1925. *Resuelto:* Abril 19, 1926.

VENTAS—MODIFICACIÓN O RESCISIÓN DEL CONTRATO—RESCISIÓN POR EL COMPRA-
DOR — ACCIONES SOBRE RESCISIÓN DEL CONTRATO — DERECHO DE ACCIÓN.—
Atendidas las circunstancias que rodean el caso de autos se resolvió la de-
mandante no tenía derecho a la rescisión del contrato.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan),
declarando sin lugar demanda, con costas. *Confirmada.*

*O. M. Wood* y *Luis E. Dubón,* abogados de la apelante; *Juan B.*
*Soto,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Martha F. Caul demandó a Luey G. Weidner para que
se declarara rescindido un contrato de compraventa de un
automóvil marca "Elgin" y le devolviera un pagaré que
suscribió y entregó por $800 en pago del precio, solicitando
además daños y perjuicios por valor de $1,000. Alegó en
síntesis que fué inducida por el demandado a realizar el
contrato bajo la creencia de que el automóvil estaba en per-
fectas condiciones de funcionamiento, cuando en realidad
estaba en pésimo estado, debido a defectos del motor y otras
partes del carro.

El demandado negó todo lo que se refiere a las falsas si-
mulaciones que se le imputan para inducir a la demandante
a celebrar el contrato, y la corte inferior apreciando en conjunto la prueba declaró sin lugar la demanda.

La apelante en su alegato no cumple con el Reglamento
de esta corte, no haciendo un señalamiento de los errores.
Repetidamente se ha declarado que esta omisión es bastante
para desestimar una apelación. Sin embargo, aun ejerci-.

---

[1] Véase. la opinión disidente del Juez Sr. Wolf al final del tomo.

tando nuestra discreción y examinando los méritos del caso, no encontramos motivos para la revocación de la sentencia. Toda la discusión se refiere a la apreciación que de la evidencia hizo el juez inferior.

La demandante por varios años venía guiando un carro Ford y expresó al demandado su deseo de tener otro carro con el sistema de cambios. Ella había visto al demandado guiar un carro marca ''Elgin'' por algún tiempo antes de la fecha del contrato, y el mismo día que se realizó el negocio la demandante tuvo oportunidad de manejarlo por sí misma en una distancia de algunos kilómetros. Ella no percibió nada que le indicara que el carro no estuviera en aparentes condiciones de buen funcionamiento. Ella ponderó la fuerza de la máquina y el color de la pintura y después de alguna discusión en el precio se convino hacer el negocio por precio de $800 aceptando ella que el demandado continuara usando el carro por dos o tres semanas hasta que él embarcara para los Estados. Pasado este tiempo la compraventa fué consumada recibiendo ella el automóvil y entregando el precio en un pagaré por $800 que suscribió a favor del demandado. Poco después la demandante empezó a tener dificultades con el cluch y el carro tuvo que ser objeto de algunas reparaciones. Al mes siguiente de hacer la compra la demandante embarcó también para los Estados y llevó consigo el automóvil. Del muelle de New York salió guiando su propio carro y se dirigió a Dunkirk, sitio en que residía el demandado. Durante el trayecto ella tuvo nuevas dificultades con el manejo del carro y fué necesario hacerle alguna reparación para seguir funcionando, pagando la cantidad de $26 por el trabajo. En su entrevista con el demandado ella se quejó de los tropiezos que había tenido y le exigió que pagara la cantidad de $26 que acababa de satisfacer, lo que hizo el demandado. La demandante entonces sugirió la permuta por otro carro que el demandado tenía en su garage, pero esta operación no se llevó a cabo porque el demandado exigió además la diferencia de $1,800. De

allí se dirigió la demandante a la ciudad de Buffalo, y a otras ciudades del Estado de New Jersey caminando en el propio automóvil, haciendo un recorrido de unas 1,200 millas, admitido por ella, y de 3,000 millas según el demandado. La demandante volvió a Puerto Rico en el mes de julio trayendo dicho automóvil y no conforme con la adquisición del carro por las molestias que dice continuaba teniendo en su funcionamiento, decidió llevarlo al demandado a su residencia aquí en Puerto Rico, pues ya éste también había regresado requiriéndole para que le devolviera el pagaré y rescindir el contrato. El demandado rehusó y ella dejó el automóvil en la entrada de la casa, interrumpiendo el paso, por lo que el demandado tuvo que retirarlo a su garage pasándole entonces una cuenta por almacenaje.

Bajo las circunstancias que rodean a este caso no creemos que la demandante tenga derecho a la rescisión del contrato. Se trata de un carro usado, de segunda mano, y su funcionamiento depende del mayor o menor uso que hubiera tenido. Piezas que han podido resistir por su desgaste natural o defectos de fábrica hasta el momento de la adquisición, han podido ceder poco tiempo después. Las personas que tienen la experiencia del guía, aunque no expertas en el mecanismo de un carro, tienen que suponer que en carros usados se corre el riesgo de que puedan sobrevenir dificultades inevitables por la acción del tiempo, factor importante para todo y que en vano puede olvidarse.

Pudiera ocurrir, sin embargo, como se alega, que la demandante descansara únicamente en las manifestaciones del demandado en cuanto a que garantizaba que el carro estaba en perfectas condiciones. De todos modos no aparece que la demandante hiciera su protesta al demandado tan luego descubriera los defectos del automóvil. Por el contrario, su conducta usando el carro por varios meses, después de la compra, haciendo en los Estados un recorrido tan extenso y exigiendo el pago de ciertas reparaciones al demandado, indica claramente que si en verdad fué sorprendida su buena

fe en la operación, ella había ratificado el contrato. Además, las piezas defectuosas habían sido reparadas. Ella admite que el clutch que le originó los primeros tropiezos fué sustituído por uno nuevo y la unión universal fué reparada en Newark. La evidencia no demuestra en parte alguna del récord que el demandado consintiera voluntariamente en la rescisión del contrato. Aparece sí que el demandado consentía en rebajar $200 del precio o reparar completamente el carro; esto más bien explica la buena disposición de su ánimo en oposición a la actitud intransigente de la demandante que invitaba a quemar el carro perdiendo cada parte una mitad del precio.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*